1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10
11
12
13
14
15
16
17

| | |
|---|---|
| LEONARDO MONDRAGON HERNANDEZ, <br><br>        Petitioner, <br><br>     v. <br><br> MARTIN GAMBOA, Warden, <br><br>        Respondent. | Case No. 1:25-cv-0018 JLT SKO (HC) <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE <br><br> ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY <br><br> (Doc. 18) |

18
19
20
21
22
23

Leonardo Mondragon Hernandez is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, on the following grounds: (1) violation of the right to present a complete defense, and (2) ineffective assistance of counsel through the failure to investigate all defenses.[1]  (*See generally* Doc. 1.)  The magistrate judge found Petitioner was not entitled habeas relief on these grounds, and recommended the Court deny the petition with prejudice.  (Doc. 18 at 14-30.)

24
25
26
27

The Court served the Findings and Recommendations on the parties and notified Petitioner that any objections were due within 21 days.  (Doc. 18 at 30.) The Court advised the parties that the "failure to file objections within the specified time may result in the waiver of

28

---

[1] The Court struck Grounds Three and Four were unexhausted and struck the additional grounds from the petition.  (Doc. 15.)  As a result, the Petition proceeds only on Grounds One and Two.

1

1  rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).)

2  Petitioner did not file objections, and the time to do so has passed.

3      According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.

4  Having carefully reviewed the matter, the Court concludes the Findings and Recommendations

5  are supported by the record and proper analysis.  In addition, the Court declines to issue a

6  certificate of appealability.

7      A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

8  district court's denial of his petition, and an appeal is only allowed in certain circumstances.

9  *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). The controlling statute in determining

10 whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

11
12          (a)     In a habeas corpus proceeding or a proceeding under section 2255 before a
               district judge, the final order shall be subject to review, on appeal, by the court of
               appeals for the circuit in which the proceeding is held.

13
14          (b)     There shall be no right of appeal from a final order in a proceeding to test
               the validity of a warrant to remove to another district or place for commitment or
15             trial a person charged with a criminal offense against the United States, or to test
               the validity of such person's detention pending removal proceedings.

16          (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an
               appeal may not be taken to the court of appeals from—

17
18                  (A) the final order in a habeas corpus proceeding in which the
                   detention complained of arises out of process issued by a State
                   court; or

19                  (B) the final order in a proceeding under section 2255.

20
21                  (2) A certificate of appealability may issue under paragraph (1) only if the
                   applicant has made a substantial showing of the denial of a constitutional
                   right.

22                  (3) The certificate of appealability under paragraph (1) shall indicate which
                   specific issue or issues satisfy the showing required by paragraph (2).
23

24 If a court denies a petition, it may only issue a certificate of appealability when a petitioner makes

25 a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a

26 substantial showing, Petitioner must establish that "reasonable jurists could debate whether (or,

27 for that matter, agree that) the petition should have been resolved in a different manner or that the

28 issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In Petitioner does not make the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court **ORDERS**:

    1.      The Findings and Recommendations issued on August 13, 2025 (Doc. 18) are **ADOPTED** in full.

    2.      The petition for writ of habeas corpus is **DENIED** with prejudice.

    3.      The Clerk of Court is directed to enter judgment and close the case.

    4.      The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **September 20, 2025**

UNITED STATES DISTRICT JUDGE

3